UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JENCY LIZABETH BAQUEDANO LAGOS,<br>*Petitioner*<br><br>v.<br><br>MIGUEL VERGARA, ACTING FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, SAN ANTONIO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, ACTING DIRECTOR U.S. IMMIGRATIONS AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; AND WAYMON BARRY, WARDEN OF KARNES COUNTY CORRECTIONAL CENTER;<br>*Respondents* | Case No. SA-25-CA-01411-XR |

### ORDER ON PETITIONER'S
### PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered the status of this case. After careful consideration, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**.

### BACKGROUND

Petitioner Jency Lizbeth Baquedano Lagos is a Honduran citizen who has resided in the United States since at least September 11, 2023. Now twenty years old, she is a full-time high school student with no criminal history and a pending asylum application.

Baquedano Lagos encountered border patrol shortly after entering the country, but because of her age at the time she was not subject to expedited removal. Instead, she was released pending the outcome of full removal proceedings.

On July 29, 2025, when Baquedano Lagos showed up for her regularly scheduled check-in with Immigration and Customs Enforcement ("ICE"), she was taken into custody. She is now detained at Karnes County Correctional Center in Karnes City, Texas.

On September 25, 2025, an immigration judge denied Baquedano Lagos bond, finding that he lacked authority to grant it. ECF No. 5-3. This determination was based on a recent Board of Immigration Appeals ("BIA") opinion reading 8 U.S.C. Section 1225(b)(2) to generally require detention without a bond hearing of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

## DISCUSSION

### I. Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

**II.     Analysis**

    a. <u>Jurisdiction</u>

Respondents first argue that 8 U.S.C. Sections 1252(b)(9), (e)(3), and (g) divest the Court of jurisdiction. The Court rejected similar arguments in its order granting habeas relief in *Acea-Martinez v. Noem*, 25-cv-1390-XR, ECF No. 9.

    1. *Section 1252(e)(3)*

Respondents first argue 8 U.S.C. Section 1252(e)(3) deprives the Court of jurisdiction. Thereunder, "[j]udicial review of determinations under [S]ection 1225(b) . . . and its implementation is available in an action instituted in the United States District Court for the District of Columbia." 8 U.S.C. § 1252(e)(3)(A). But Section 1252(e)(3) "concerns challenges to the validity of a 'system,' and [Baquedano Lagos] does not raise any systemic challenges." *See Rojano Gonzalez v. Sterling*, No. 1:25-CV-6080-MHC, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025) (collecting cases); *Lala Barros v. Noem*, No. EP-25-CV-488-KC, 2025 WL 3154059, at *2 (W.D. Tex. Nov. 10, 2025) (quoting *Rodrigues v. McAleenan*, 435 F. Supp. 3d 731, 738 (N.D. Tex. 2020)); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), 2025 WL 2630826, at *10 (S.D.N.Y. Sept. 12, 2025). Rather, she argues "that Respondents lack statutory authority to detain [her] under [Section 1225(b)] because that statute does not apply to an alien in [her] circumstances." *J.A.M. v. Streeval*, No. 4:25-CV-342 (CDL), 2025 WL 3050094, at *1 (M.D. Ga. Nov. 1, 2025). Section 1252(e)(3) does not deprive the Court of jurisdiction in such a case.

    2. *Section 1252(g)*

Respondents next claim that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)). Baquedano Lagos "does not challenge a decision to commence removal proceedings, adjudicate a case against [her], or execute a removal order. . . . [She] challenges the decision to detain [her]." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). So Section 1252(g) does not divest the Court of jurisdiction.

        3.   *Section 1252(b)(9)*

Finally, Respondents argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020)

(cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) bars this Court's jurisdiction over Baquedano Lagos's petition fails for at least two reasons. First, Baquedano Lagos's claim—that Respondents lack "legal authority to subject [her] to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Baquedano Lagos cannot "efficaciously" raise her claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Baquedano Lagos can be detained with no bond hearing—that is, with no administrative opportunity to contest her detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Baquedano Lagos's detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even

*entertain* bond requests, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Baquedano Lagos's claims.

b. Merits

Moving to the merits, the question is whether Respondents can lawfully detain Baquedano Lagos without a bond hearing, pursuant to Section 1225(b)(2). Again, the Court recently rejected the same arguments respondents make here. *See Acea-Martinez v. Noem*, 25-cv-1390-XR, ECF No. 9.

Baquedano Lagos argues that Section 1225(b)(2) does not permit her detention and that she may only be detained under Section 1226(a). *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025). Respondents contend, on the other hand, that Baquedano Lagos falls under Section 1225(b)(2) because she is an "applicant for admission," which includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1).

The question is whether Section 1225(b)(2) applies to all noncitizens who, like Baquedano Lagos, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Baquedano Lagos's detention mandatory. If not, Section 1226(a) applies, Baquedano Lagos's detention is discretionary, and she is entitled to a bond hearing if she remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have generally rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup*

*v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors that most clearly command against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and

authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," she is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Baquedano Lagos's detention, she was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained her in 2025, Baquedano Lagos was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain her under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country." Respondents may not detain Baquedano Lagos pursuant to Section 1225(b)(2).

Respondents do not claim that Baquedano Lagos's current detention is under Section 1226. In fact, they assert that the only relief available to her is release from custody. ECF No. 7 at 3. As such, "the Court sees no reason to consider" Section 1226 as a basis for Baquedano Lagos's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Her detention is unlawful, and habeas relief is proper.

c.   Attorney's Fees

Baquedano Lagos's requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jency Lizbeth Baquedano Lagos from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on November 19, 2025.**

2. Respondents must **NOTIFY** Baquedano Lagos's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before her release;**

3. If Baquedano Lagos is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that she be afforded a bond hearing;

4. The parties shall **FILE** a Joint Status report **no later than 6:00 p.m. November 19, 2025**, confirming that Baquedano Lagos has been released;

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 18th day of November, 2025.

                                        XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE